IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACK LEWIS,

        Petitioner,

v.                                                        CIVIL ACTION NO. 3:07cv13
                                                           (Judge Bailey)

GILMER FEDERAL CORRECTIONAL INSTITUTION,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 26, 2007, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241, requesting that the court order the Bureau of Prisons to impliment its obligations under Title 18 U.S.C. § 3224(c) and place him in a Community Correctional Center ("CCC").[1] On that same date, the petitioner paid the $5.00 filing fee. By Order entered on February 5, 2007, the court directed the respondent to show cause why the petitioner should not be granted. On March 7, 2007, the respondent filed a Motion to Dismiss and Response to Order to Show Cause. On March 8, 2007, a Roseboro Notice was issued. On March 27, 2007, the petitioner filed a reply.

### II. FACTS

In 2001, the petitioner was sentenced by the United states District Court for the Western District of New York to a 120 month term of imprisonment for violating 26 U.S.C. § 5861(d) and 5871, Firearms Registrations and Transfer Record. (Dckt. 8-2, p. 1) Petitioner's projected release date via good conduct time was June 5, 2007. (Id.).

---

[1] In 2006, the Bureau of Prisons changed the term Community Corrections center to Residential Reentry Center ("RRC"). However, for purposes of this Report, the undersigned has used the designation CCC.

## III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In his petition, the petitioner challenged the BOP's determination that he was not eligible for placement in a CCC. The petitioner alleges that this determination was based upon his criminal history which was unlawful and in violation of Bureau of Prisons Policy Statement § 7310.04 which provides that inmates in the following categories shall not ordinarily participate in CCC programs:

A). Inmates who are assigned a "sex-offender" Public safety Factor.

B). Inmates who are assigned Deportable Alien Public Safety Factor.

C). Inmates who require inpatient medical care or treatment.

D). Inmates who refuse to participate in the financial responsibility program.

E). Inmates who refuse to participate in a Drug Program.

F.) Inmates with unresolved or pending charges or with detainers.

G). Inmates who are sentenced to six months or less.

H). Inmates who refuse to participate in institutional pre-release programs.

I). Inmates who pose a significant threat to the public...

The petitioner argues that he does not fit into any of these non-eligible categories, and therefore, the denial of his request for CCC placement is a violation of BOP policy statement.

As previously noted, the petitioner's projected release date via good conduct time was June 5, 2007. Accordingly, the undersigned has consulted the Bureau of Prisons inmate locator and has

discovered that the petitioner was released from the custody of the Bureau of Prisons on June 5, 2007.[2] Inasmuch as the petitioner's request for relief was an order directing his placement in a halfway house, and the petitioner is no longer even in the custody of the Bureau of Prisons, this case is now moot.[3]

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on

---

[2] See www.bop.gov

[3] The undersigned notes that the evidence provided by the respondent amply supports the BOP's decision that the petitioner was not eligible for CCC placement. On September 15, 2006, a memorandum outlining the rationale for excluding the petitioner from CCC placement was signed by the Warden at FCI Gilmer and placed in his central file as required by P.S. 7310.04. As noted in the text of this Report, inmates who pose a significant threat to the community are not eligible for CCC placement. This includes inmates whose current offense or behavior history suggests a substantial or continuing threat to the community. The memorandum signed by the Warden provided that (1) in 1986, the petitioner raped a ten-year old girl in her bed; (2) the victim of that rape and her nine-year old sister sleeping next to her were too terrified to scream for help; (3) during the course of the investigation, it was determined that the same victim had previously been raped by the petitioner; and (4) the petitioner's Presentence Investigation Report documented four additional serious assaults against women.

the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: August 20, 2007

                                               /s/ James E. Seibert
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE